## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JERRAL MADISON, individually and on behalf of all others similarly situated, | ) ) ) ) | CIVIL ACTION FILE NO.:  1:22-cv-04856-SDG |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| SYSCO ATLANTA, LLC, | ) ) | |
| Defendant. | ) ) | |

## DEFENDANT'S ANSWER, OBJECTIONS AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COLLECTIVE ACTION COMPLAINT

COMES NOW Defendant, Sysco Atlanta, LLC ("Sysco" or "Defendant"), by and through its undersigned counsel, and hereby answers and asserts affirmative and other defenses to Plaintiff Jerral Madison's ("Madison" or "Plaintiff") Collective Action Complaint [Dkt. 1] (the "Complaint") as follows:

## AFFIRMATIVE AND OTHER DEFENSES

Without conceding that it bears the burden of proof as to any issue, Defendant asserts the following defenses and affirmative defenses to some or all of the claims and/or damage requests asserted in the Complaint, each in the alternative and to the extent necessary and applicable:

**FIRST DEFENSE:**   Defendant has complied fully with all applicable requirements of the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.* ("FLSA").

**SECOND DEFENSE**:  Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

**THIRD DEFENSE**:  The claims of Plaintiff and potential opt-ins are barred, in whole or in part, because they have been paid and/or received all compensation due to them.

**FOURTH DEFENSE:**  The claims of Plaintiff and all potential opt-ins are barred, in whole or in part, by the applicable statute of limitations.

**FIFTH DEFENSE**: The claims of Plaintiff and all potential opt-ins are barred, in whole or in part, because Plaintiff lacks standing to assert the claims included in the Complaint on behalf of himself and on behalf of some or all of the potential opt-ins.

**SIXTH DEFENSE:**  The claims of Plaintiff and all potential opt-ins are barred as to all hours during which Plaintiff and all potential opt-ins were engaged in activities that were preliminary or postliminary to their principal activities.

**SEVENTH DEFENSE**:  The claims of Plaintiff and all potential opt-ins are barred as to all hours during which Plaintiff and all potential opt-ins were engaged in non-work activities during their purported work hours.

**EIGHTH DEFENSE:**  The claims of Plaintiff and all potential opt-ins are barred, in whole or in part, to the extent they seek compensation under the FLSA for activities that were not compensable.

**NINTH DEFENSE:**  The claims of Plaintiff and all potential opt-ins are barred as to all hours allegedly worked of which Sysco lacked actual or constructive knowledge.

**TENTH DEFENSE:**  The claims of Plaintiff and all potential opt-ins are barred, in whole or in part, by the doctrine of *de minimis non curat lex*.

**ELEVENTH DEFENSE**:  The claims of Plaintiff and all potential opt-ins are barred, in whole or in part, by the doctrines of waiver, estoppel, consent, unclean hands and/or laches.

**TWELFTH DEFENSE**:  Plaintiff has failed to allege facts sufficient to justify a collective action.

**THIRTEENTH DEFENSE**: Plaintiff has failed to submit sufficient evidence to justify certification of a collective action.

**FOURTEENTH DEFENSE**:  Plaintiff has failed to adequately plead a motion for certification of a collective action or notice.  Nonetheless, in the event that the Complaint is deemed to move for certification and/or notice, Sysco objects

for the reasons asserted herein, and Sysco respectfully requests a briefing schedule for the parties to brief their respective positions.

**FIFTENTH DEFENSE**: Plaintiff has not identified, and cannot identify, a group of "similarly situated" individuals.

**SIXTENTH DEFENSE**:  Plaintiff is not "similarly situated" to those individuals he purports to represent.

**SEVENTENTH DEFENSE:**  Plaintiff has not established that any other person allegedly "similarly situated" to them desires to opt-in to this lawsuit.

**EIGHTEENTH DEFENSE:**  Plaintiff has not identified potential opt-ins clearly and objectively.

**NINETEENTH DEFENSE:** Plaintiff cannot adequately represent the interests of any potential opt-ins.

**TWENTIETH DEFENSE:**  Plaintiff's attempt to pursue this case as a collective action fails because independent and individual analyses of Plaintiff's claims and damages and the claims and damages of each potential opt-in and each of Sysco's defenses are required.

**TWENTY-FIRST DEFENSE:**  The proposed scope of the putative collective that Plaintiff seeks in this case is qualitatively overbroad.

**TWENTY-SECOND DEFENSE:**  If Plaintiff and/or any potential opt-ins are able to show a violation of the FLSA (which Sysco specifically denies), either by action or omission, such action or omission was not willful or reckless, but rather was in good faith and based upon a reasonable belief that such action or omission was not a violation of the FLSA. Thus, a three-year statute of limitations and liquidated damages would not be warranted.

**TWENTY-THIRD DEFENSE:**  Plaintiff's damages, and those of all potential opt-ins, are limited by the provisions of the FLSA, including without limitation the limitations contained in 29 U.S.C. § 216(b) and 29 U.S.C. § 260.

**TWENTY-FOURTH DEFENSE:**  To the extent sought, pre-judgment interest is not available in a case brought pursuant to 29 U.S.C. §§ 216(b) and 260.

**TWENTY-FIFTH DEFENSE:** If Plaintiff and/or any potential opt-ins are able to show a violation of the FLSA (which Sysco specifically denies), Sysco is entitled to seek a set-off or offset for any compensation paid to them beyond that to which they were entitled, including without limitation for any personal time spent during hours for which compensation was paid and for any amounts already paid to Plaintiff and/or any potential opt-ins for hours worked over forty each workweek or otherwise provided for in 29 C.F.R. §§ 778.201–778.207.

**TWENTY-SIXTH DEFENSE:** If Plaintiff and/or any potential opt-ins are able to show that they are entitled to overtime pay (which Sysco specifically denies), Plaintiff and any potential opt-ins would be entitled to no more than one-half their regular rate of pay for any overtime hours worked each workweek.

**TWENTY-SEVENTH DEFENSE:** Sysco reserves the right to assert additional defenses and affirmative defenses at such time and to the extent warranted by the discovery and factual development in this case.

**TWENTY-EIGHTH DEFENSE:** To the extent a response is required to any unnumbered paragraph of the Complaint, including, but not limited to, any headings, introductory remarks or conclusions, wherefore clauses, or prayers for relief, Defendant denies any unnumbered allegations contained in the Complaint.

## ANSWERS TO ALLEGATIONS OF THE COMPLAINT

### PRELIMINARY STATEMENT

1.      This is a collective action brought pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 by Plaintiff, Jerral Madison, individually and on behalf of all similarly situated persons employed by Defendant, Sysco, arising from Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.

**Answer:** Defendant admits that Plaintiff purports to bring this action pursuant to 29 U.S.C. § 216(b). Defendant denies, however, that it violated any federal, state, or local law. Defendant further denies that this case is properly asserted as a collective action under 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23. Except as specifically admitted, Defendant denies the allegations in Paragraph 1 of the Complaint.

2.      Defendant Sysco Atlanta, LLC is, a Subsidiary of Sysco Corporation, the global leader in selling, marketing, and distributing food products, equipment, and supplies to foodservice and hospitality customers.[1]

**Answer**: Defendant admits that is an indirect subsidiary of Sysco Corporation. Except as specifically admitted, Defendant denies the allegations in Paragraph 2 of the Complaint.

3.      Plaintiff and members of the putative collective were employed by Defendant as hourly-paid, non-exempt warehouse workers, and were responsible for, inter alia, building customer orders on pallets, wrapping pallets, and moving pallets with pallet jacks.

**Answer**: Defendant admits that Plaintiff was employed by Defendant as a non-exempt employee. Defendant denies that this case is properly maintained as a

---

[1]  https://www.sysco.com

collective action and denies that there is any proper "members of the putative collective." Except as specifically admitted, Defendant denies the allegations in Paragraph 3 of the Complaint.

4.     Defendant failed to pay warehouse workers for all overtime hours worked including work performed after clocking out such as moving pallets and cleaning Defendant's facilities.

**Answer:** Defendant denies the allegations in Paragraph 4 of the Complaint.

5.     Defendant also maintained an unlawful policy of excluding nondiscretionary bonus compensation from the workers' "regular rates of pay" for purposes of calculating their overtime rates of pay, in violation of the FLSA. *See* 29 CFR § 778.207.

**Answer:** The allegations contained in Paragraph 5 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

6.     Plaintiff and the putative FLSA collective members are current and former hourly-paid, non-exempt workers and were subject to Defendant's unlawful common policies of failing to pay workers overtime compensation for all "off-the-clock" hours worked and paying overtime for forty (40) hours in a workweek at rates that Defendant calculated without including the nondiscretionary bonus

compensation the workers received (e.g. payments referenced on the workers' paystubs as ABC Misc. Pay and Retention Bonus), and which were thus lower than the overtime rates the workers were entitled to receive. *See* 29 C.F.R. §§ 778.108 ("the [FLSA] requires inclusion in the `regular rate' of `all remuneration for employment paid to, or on behalf of, the employee'" except statutory exclusions).

**Answer**: Defendant admits that Plaintiff was employed by Defendant as a non-exempt employee. Defendant denies that this case is properly maintained as a collective action and denies that there is any proper collective of "putative FLSA collective members." Defendant further notes that the allegations contained in Paragraph 6 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied. Except as specifically admitted, Defendant denies the allegations in Paragraph 6 of the Complaint.

7.    As a result, Defendant failed to pay hourly-paid, non-exempt workers including Plaintiff for all hours worked in excess of forty (40) in a workweek at a rate of not less than one and one-half (1.5) times the regular rate of pay, in violation of the FLSA.

**Answer**: Defendant denies the allegations in Paragraph 7 of the Complaint.

8.    Plaintiff seeks unpaid overtime wages and liquidated damages pursuant to the FLSA on behalf of himself and the "FLSA Collective," defined as: *all current*

*and former hourly paid warehouse workers who worked for Defendant in the United States at any time within the three years preceding the commencement of this action and the date of judgment*. *See* 29 U.S.C. § 216(b).

**Answer**: Defendant admits that Plaintiff seeks unpaid overtime wages and liquidated damages pursuant to the FLSA on behalf of himself and the "FLSA Collective," as defined in the Complaint.  Defendant denies that this case is properly maintained as a collective action and denies that there is any proper "FLSA Collective" as defined in Paragraph 8 of the Complaint. Defendant denies any remaining allegations contained in Paragraph 8 of the Complaint.

9.      Plaintiff seeks to send a notice pursuant to 29 U.S.C. § 216(b) to all hourly-paid, non-exempt warehouse workers of Defendant informing them of their right to assert FLSA claims in this collective action by filing consent forms.

**Answer**: Defendant admits that Plaintiff purportedly seeks to send a notice pursuant to 29 U.S.C. § 216(b) as described in Paragraph 9 of the Complaint. Defendant denies that this case is properly maintained as a collective action and denies that notice to any other Sysco employees is proper. Defendant denies any remaining allegations contained in Paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10.     This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

**Answer:** Defendant admits the allegations contained in Paragraph 10 of the Complaint.

11.     Additionally, this Court has jurisdiction over Plaintiff's collective action FLSA claims pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

**Answer:** Defendant admits this Court has jurisdiction over Plaintiff's claims under the FLSA. Defendant denies that this case is properly maintained as a collective action. Defendant denies any remaining allegations contained in Paragraph 11 of the Complaint.

12.     This Court has personal jurisdiction over Defendant because Defendant is domiciled in Georgia.

**Answer:** Defendant admits that this Court has personal jurisdiction over Defendant.  The remaining allegations contained in Paragraph 12 of the Complaint

constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

13.     Venue is proper in this District pursuant to 28 U.S.C. § 139l(b) and (c) because Defendant resides in this district.

**Answer:** Defendant admits that venue is proper in this Court.  The allegation that Defendant resides in this district constitutes a legal conclusion to which no responsive pleading is required and, thus, that allegation is denied.  Defendant denies any remaining allegations contained in Paragraph 13 of the Complaint.

## THE PARTIES

14.     Defendant Sysco Atlanta, LLC is a for-profit entity created and existing under and by virtue of the laws of the State of Delaware.

**Answer:** Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15.     Defendant maintains its headquarters at 2225 Riverdale Road, College Park, Georgia 30337.

**Answer**: Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant has the following Registered Agent: Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

**Answer**: Defendant admits the allegations contained in Paragraph 16 of the Complaint.

17.     Plaintiff Jerral Madison is a resident of the County of Clayton and State of Georgia.

**Answer**: Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and, therefore, denies them.

18.     Plaintiff was employed by Defendant as an hourly-paid, non-exempt order selector from approximately March 2022 to June 2022.

**Answer**: Defendant admits that Plaintiff was employed by Defendant as a non-exempt outbound selector from approximately March 2022 to June 2022. Defendant denies any remaining allegations contained in Paragraph 18 of the Complaint.

19.     Plaintiff worked at Defendant's warehouse in College Park, Georgia.

**Answer:** Defendant admits that Plaintiff worked at Defendant's location in College Park, Georgia. Defendant denies any remaining allegations contained in Paragraph 19 of the Complaint.

20.     Plaintiff's written consent to become an FLSA party plaintiff is filed hereto as Exhibit 1.

**Answer**: Defendant admits that the document attached as Exhibit 1 to the Complaint purports to be Plaintiff's written "Consent To Sue." Defendant denies any remaining allegations contained in Paragraph 20 of the Complaint.

## FACTUAL ALLEGATIONS

21.    Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

**Answer:** In response to Paragraph 21, Defendant incorporates the admissions, denials, and responses included in the preceding paragraphs as if fully set forth herein.

22.    Defendant employed warehouse workers to, *inter alia*, build pallets with customer orders, wrap pallets, and move pallets with pallet jacks in Defendant's warehouse in Georgia.

**Answer:** Defendant denies the allegations in Paragraph 22 of the Complaint.

23.    Defendant classified warehouse workers as non-exempt employees.

**Answer:** Defendant admits that employees at Plaintiff's location who were outbound selectors were classified as non-exempt. Defendant denies the remaining allegations in Paragraph 23 of the Complaint.

24.    Defendant paid hourly-paid, non-exempt warehouse workers on an hourly basis.

**Answer:** Defendant admits that Defendant's non-exempt employees were paid on an hourly basis. Defendant denies any remaining allegations contained in Paragraph 24 of the Complaint.

25.     Defendant did not guarantee any predetermined amount of pay per week.

**Answer:** Defendant denies the allegations in Paragraph 25 of the Complaint.

26.     Defendant required warehouse workers to work over forty (40) hours in most weeks.

**Answer:** Defendant denies the allegations in Paragraph 26 of the Complaint.

27.     Warehouse workers reported to supervisors who frequently requested that they perform work after clocking out at the end of their shifts, such as moving pallets and cleaning Defendant's facilities.

**Answer:** Defendant denies the allegations in Paragraph 27 of the Complaint.

28.     This resulted in warehouse workers not being paid for all time worked.

**Answer:** Defendant denies the allegations in Paragraph 28 of the Complaint.

29.     Defendant paid its hourly-paid, non-exempt workers overtime premium compensation for hours worked in excess of forty (40) in a workweek.

**Answer:** Defendant admits the allegations in Paragraph 29 of the Complaint.

30.    The work Defendant suffered and permitted warehouse workers to perform after clocking out included moving pallets and cleaning Defendant's facilities.

**Answer:** Defendant denies the allegations in Paragraph 30 of the Complaint.

31.    Defendant also paid its hourly-paid, non-exempt workers nonovertime premium compensation, including ABC Misc. Pay compensation and Retention Bonus compensation.

**Answer:** Defendant admits that it paid certain non-exempt employees ABC Misc. Pay compensation and Retention Bonus compensation. Defendant denies any remaining allegations contained in Paragraph 31 of the Complaint.

32.    Defendant used the codes "ABC Misc. Pay" and "Retention Bonus" to refer to nonovertime, premium compensation on the hourly-paid, non-exempt workers' paystubs.

**Answer:** Defendant admits that it used the codes "ABC Misc. Pay" and "Retention Bonus". Defendant denies the remaining allegations in Paragraph 32 of the Complaint.

33.    The FLSA requires overtime to be paid at least 1.5x an employees' "regular rate," which, subject to some exceptions not relevant here, includes "all

remuneration for employment paid to, or on behalf of, the employee'" *See* 29 C.F.R. § 778.108.

**Answer:** The allegations contained in Paragraph 33 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

34.     Defendant did not include nonovertime premium compensation in hourly-paid, non-exempt workers' "regular rates of pay," for purposes of calculating their overtime premium compensation.

**Answer:** The allegations contained in Paragraph 34 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

35.     Accordingly, in weeks in which Defendant's hourly-paid, non-exempt workers worked in excess of forty (40) hours and earned both overtime and nonovertime premium compensation, the overtime premium compensation they received was calculated at a lower than time-and-a-half of their regular rates of pay, in violation of the FLSA.

**Answer:** The allegations contained in Paragraph 35 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

36.    Defendant was and is required to include nonovertime premium compensation in each worker's "regular rate of pay," for purposes of calculating the overtime premium compensation. *See* 29 U.S.C. § 778.203 (providing that if "extra compensation ... paid for work on Saturdays, Sundays, holidays, or regular days of rest or on the sixth or seventh day of the workweek" is paid at a rate lower than time and-a-half of the employee's regular rate of pay, "the extra compensation provided by such rate must be included in determining the employee's regular rate of pay and cannot be credited toward statutory overtime due...."); § 778.207(b).

**Answer:** The allegations contained in Paragraph 36 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

37.    Defendant did not include nonovertime premium compensation in hourly-paid, non-exempt workers "regular rate of pay," for purposes of calculating overtime premium compensation.

**Answer:** The allegations contained in Paragraph 37 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

38.    For example, in the pay period of April 10, 2022 to April 23, 2022, Plaintiff was paid:

a. 39.99 hours of Regular pay at a rate of $17.75 per hour, for the period of April 10, 2022 to April 16, 2022, equating to $709.82;

b. 16.65 hours of Overtime pay at a rate of $26.625 per hour (i.e. l.5x$17.75), for the period of April 10, 2022 to April 16, 2022, equating to $443.31;

c. 39.99 hours of Regular pay at a rate of $69.49 per hour, for the period of April 17, 2022 to April 23, 2022, equating to $2,778.91;

d. 1.28 hours of Overtime pay at a rate of $104.235 per hour (i.e. 1.5x$69.49), for the period of April 17, 2022 to April 23, 2022, equating to $133.43;

e. ABC Misc. Pay in the amount of $445.63 for the period of April 10, 2022 to April 23, 2022; and

f. Retention Bonus pay in the amount of $250.00 for the period of April 10, 2022 to April 23, 2022.

**Answer:** Defendant admits that Plaintiff was paid: (a) 39.99 hours of Regular pay at a rate of $17.75 per hour, for the period of April 10, 2022 to April 16, 2022, equating to $709.82; (b) 16.65 hours of Overtime pay at a rate of $26.625 per hour (i.e. l.5x$17.75), for the period of April 10, 2022 to April 16, 2022, equating to $443.31; (c) 39.99 hours of Regular pay at a rate of $69.49 per hour, for the period

19

of April 17, 2022 to April 23, 2022, equating to $2,778.91; (d) 1.28 hours of Overtime pay at a rate of $104.235 per hour (i.e. 1.5x$69.49), for the period of April 17, 2022 to April 23, 2022, equating to $133.43; (e) ABC Misc. Pay in the amount of $445.63 for the period of April 10, 2022 to April 23, 2022; and (f) Retention Bonus pay in the amount of $250.00 for the period of April 10, 2022 to April 23, 2022. Defendant denies any remaining allegations contained in Paragraph 38 of the Complaint and all sub-paragraphs thereto.

39.    Had Defendant properly included the $445.63 ABC Misc. Pay compensation and $250.00 Retention Bonus compensation in Plaintiff's regular rate of pay in the pay period from April 10, 2022 to April 23, 2022, it would have paid him $169.53 in Overtime compensation in addition to the $576.74 it paid him for Overtime.

**Answer**: Defendant denies the allegations in Paragraph 39 of the Complaint.

40.    Defendant was aware of, and/or recklessly disregarded the possibility that hourly-paid warehouse workers were performing work after clocking out, but failed to ensure workers were paid for such time.

**Answer:** Defendant denies the allegations in Paragraph 40 of the Complaint.

41.    Defendant was aware of, and/or recklessly disregarded the possibility that it was required to include nonovertime premium compensation in each worker's

"regular rate of pay," for purposes of calculating his or her overtime premium compensation, but failed to do so.

**Answer**: Defendant denies the allegations in Paragraph 41 of the Complaint.

42.     Defendant willfully violated the FLSA.

**Answer:** Defendant denies the allegations in Paragraph 42 of the Complaint.

43.     Defendant's wrongful acts and/or omissions/commissions, as alleged herein, have not been exercised in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor or any administrative practice or enforcement policy of such a department or bureau.

**Answer:** Defendant denies the allegations in Paragraph 43 of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

44.     Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

**Answer:** In response to Paragraph 44, Defendant incorporates the admissions, denials, and responses included in the preceding paragraphs, as if fully set forth herein.

45.     Plaintiff brings this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, on behalf of all hourly-paid, non-exempt workers

who have been affected by Defendant's common unlawful policies of failing to pay workers for all overtime hours worked "off-the-clock" and excluding nonovertime premium compensation from the workers' "regular rates of pay" for purposes of calculating their overtime rates of pay, in violation of the FLSA.

**Answer**: With regard to the allegations contained in Paragraph 45 of the Complaint, Defendant admits only that Plaintiff purports to bring this lawsuit as a collective action and seeks to represent a collective of all hourly-paid, non-exempt workers. Defendant denies that this case is properly maintained as a collective action. Defendant denies the remaining allegations contained in Paragraph 45 of the Complaint.

46.    Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on behalf of:

*All current and former hourly paid warehouse workers who worked for Defendant in the United States at any time within the three years preceding the commencement of this action and the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

**Answer:** With regard to the allegations contained in Paragraph 46 of the Complaint, Defendant admits only that Plaintiff purports to bring this lawsuit as a collective action and seeks to represent a collective of individuals as defined in Paragraph 46 of the Complaint. Defendant denies that this case is properly maintained as a collective action and denies that there is any proper group of putative

collective members, including as defined in Paragraph 46 of the Complaint. Defendant denies the remaining allegations contained in Paragraph 46 of the Complaint.

47.    Plaintiff brings this collective action against Defendant to recover unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**Answer**: With regard to the allegations contained in Paragraph 47 of the Complaint, Defendant admits only that Plaintiff purports to bring this lawsuit as a collective action and purports to seek the alleged damages identified in Paragraph 47 of the Complaint. Defendant denies that this case is properly maintained as a collective action, and denies that Plaintiff or any other individual is entitled to any relief, including that identified in Paragraph 47 of the Complaint. Defendant denies the remaining allegations contained in Paragraph 47 of the Complaint.

48.    The collective action further alleges a willful violation of the FLSA and is covered by a third year of limitations.

**Answer**: With regard to the allegations contained in Paragraph 48 of the Complaint, Defendant admits only that Plaintiff purports to bring this lawsuit as a collective action and claims that the alleged FLSA violations asserted in the Complaint were willful. Defendant denies that it violated the FLSA, and denies this

case is properly maintained as a collective action. Defendant denies the remaining allegations contained in Paragraph 48 of the Complaint.

49.    Plaintiff seeks to send notice to all similarly situated hourly-paid, nonexempt workers as provided by 29 U.S.C. § 216(b) and supporting case law.

**Answer:** With regard to the allegations contained in Paragraph 49 of the Complaint, Defendant admits only that Plaintiff seeks to send notice to other hourly-paid non-exempt workers under 29 U.S.C. § 216(b). Defendant denies that this case is properly maintained as a collective action and denies that there is any proper collective of alleged "similarly-situated" workers. Defendant denies the remaining allegations contained in Paragraph 49 of the Complaint.

50.    Certification of the collective action under the FLSA is appropriate because the employees described herein are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The collective of employees on behalf of whom Plaintiff bring this collective action are similarly situated because they were subject to the same or similar unlawful policies and practices as stated herein and their claims are based upon the same factual and legal theories.

**Answer:** Defendant denies the allegations in Paragraph 50 of the Complaint. Defendant further denies that this case is properly maintained as a collective action

and denies that there is any proper collective of alleged "similarly situated" employees.

51.     Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type that have often been prosecuted on a collective wide basis, and the manner of identifying the collective and providing any monetary relief to it can be effectuated from a review of Defendant's records.

**Answer**: Defendant denies the allegations in Paragraph 51 of the Complaint.

52.     Plaintiff and the putative FLSA collective members demand a trial by jury.

**Answer:** Defendant admits that Plaintiff is entitled to demand a jury trial pursuant to Fed. R. Civ. P. 38(b) and that he does demand a jury trial.  Defendant, pursuant to Fed. R. Civ. P. 38(c), demands that, if this action goes to trial, all factual issues triable by jury be submitted to the jury.

<u>**FIRST CLAIM FOR RELIEF**</u>
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.**
**(Brought by Plaintiff Individually and on Behalf of the FLSA Collective)**
**Failure to Pay Overtime Wages**

53.     Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

25

**Answer**: In response to Paragraph 53, Defendant incorporates the admissions, denials, and responses included in the preceding paragraphs, as if fully set forth herein.

54.    29 U.S.C. § 207(a)(1) provides:

[N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

**Answer:** The allegations contained in Paragraph 54 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

55.    Defendant employed Plaintiff and the FLSA Collective members as hourly-paid, non-exempt workers.

**Answer:** Defendant admits that it employed Plaintiff as a non-exempt employee. Defendant denies that this case is properly maintained as a collective action and denies that there is any proper collective of "FLSA Collective members." Defendant denies any remaining allegations contained in Paragraph 55 of the Complaint.

56.    At all relevant times alleged herein, Defendant has operated and controlled an enterprise engaged in commerce as defined under the FLSA.

**Answer:** The allegations contained in Paragraph 56 constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

57.    At all times relevant to this action, Defendant was and continues to be an enterprise whose annual gross volume of sales made or business done exceeds $500,000.

**Answer**: The allegations contained in Paragraph 57 constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

58.    At all times relevant to this action, Defendant was and continues to operate as an enterprise that has employees engaged in commerce or in the production of goods for commerce, and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

**Answer:** The allegations contained in Paragraph 58 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

59.     Defendant knowingly "suffered or permitted" Plaintiff and hourly-paid, non-exempt workers to work and thus "employed" them within the meaning of 29 U.S.C. §203(g).

**Answer**: The allegations contained in Paragraph 59 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

60.     Defendant hired hourly-paid, non-exempt workers and determined the rate and method of the payment of their wages.

**Answer**: Defendant admits that it has hired certain non-exempt employees who it has paid on an hourly basis. Defendant denies any remaining allegations contained in Paragraph 60 of the Complaint.

61.     Defendant controlled the work schedules, duties, protocols, applications, assignments and work conditions of hourly-paid, non-exempt workers.

**Answer**: Defendant admits that it exercises certain control over the work schedules, duties, and certain employment conditions of certain non-exempt employees who are paid on an hourly basis. Defendant denies any remaining allegations contained in Paragraph 61 of the Complaint.

62.     Plaintiff and the FLSA Collective members worked over forty (40) hours in most workweeks.

**Answer:** Defendant denies the allegations in Paragraph 62 of the Complaint. Defendant further denies that this case is properly maintained as a collective action and denies that there is any proper collective of "FLSA Collective members."

63.    Defendant failed to pay Plaintiff and the FLSA Collective members for all overtime hours worked including work performed after clocking out such as moving pallets and cleaning Defendant's facilities.

**Answer:** Defendant denies the allegations in Paragraph 63 of the Complaint. Defendant further denies that this case is properly maintained as a collective action and denies that there is any proper collective of "FLSA Collective members."

64.    Defendant did not include nonovertime premium compensation in hourly-paid, non-exempt workers' "regular rates of pay," for purposes of calculating their overtime premium compensation.

**Answer:** The allegations contained in Paragraph 64 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

65.    As a result of the Defendant's common illegal policies and practices stated herein, Defendant failed to pay Plaintiff and the FLSA Collective members the required overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) per week.

**Answer:** The allegations contained in Paragraph 65 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied. Defendant further denies that this case is properly maintained as a collective action and denies that there is any proper collective of "FLSA Collective members."

66.     Defendant's uniform policies and practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

**Answer**: Defendant denies the allegations in Paragraph 66 of the Complaint.

67.     Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

**Answer**: Defendant denies the allegations in Paragraph 67 of the Complaint.

68.     As a result of Defendant's uniform policies and practices described above, Plaintiff and the FLSA Collective members are illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**Answer**: Defendant denies the allegations in Paragraph 68 of the Complaint. Defendant further denies that this case is properly maintained as a collective action and denies that there is any proper collective of "FLSA Collective members."

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against Defendant, as follows:

(A) A declaratory judgment that Defendant's policies and practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and attendant regulations at 29 C.F.R. § 516, *et seq*.;

(B) An Order for injunctive relief ordering Defendant to comply with the FLSA and end all of the illegal wage practices alleged herein;

(C) Certifying this action as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(D) Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA Collective members;

(E) Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA Collective members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA Collective members of their rights by law to join and participate in this lawsuit;

(F) Designating Plaintiff as the representatives of the FLSA Collective in this action;

(G) Designating the undersigned counsel as counsel for the FLSA Collective in this action;

(H) Judgment for damages including all unpaid wages and liquidated damages to which Plaintiff and the FLSA collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, et seq., and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(I) An incentive award for the Plaintiff for serving as a representative of the FLSA Collective;

(J) An Order directing Defendant to pay Plaintiff and members of the collective reasonable attorneys' fees and all costs connected with this action pursuant to the FLSA;

(K) Judgment for any and all civil penalties to which Plaintiff and members of the collective may be entitled; and

(L) Such other and further relief as to this Court may deem necessary, just and proper.

**Answer**:  Defendant denies that Plaintiff is entitled to any of the relief he prays for under the "Prayer for Relief" heading of the Complaint. To the extent a response is required to these statements requesting relief, Defendant denies any and

all allegations contained under the "Prayer for Relief" heading of the Complaint and further denies that Defendant violated the FLSA, denies that Plaintiff and any other individual is entitled to any relief or damages. Defendant further denies that this case is properly maintained as a collective action and denies that there is any proper collective, including of "FLSA Collective members."

## <u>JURY DEMAND</u>

Defendant acknowledges that Plaintiff is entitled to demand a jury trial pursuant to Fed. R. Civ. P. 38(b) and that he does, under the "Jury Demand" heading of the Complaint, demand a jury trial.  In response, Defendant, pursuant to Fed. R. Civ. P. 38(c), demands that, if this action goes to trial, all factual issues triable by jury be submitted to the jury.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff's Complaint be dismissed in its entirety and that Plaintiff, the putative collective members and/or allegedly aggrieved employees take nothing by reason thereof;

2. That Defendant recover its reasonable attorney's fees and costs incurred in defending this action;

3. That judgment be entered in favor of Defendant; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted this 31st day of January, 2023.

**BAKER & HOSTETLER LLP**

*/s/ Mitchell A. Robinson*

Mitchell A. Robinson
Georgia Bar No. 457665
marobinson@bakerlaw.com
Olivia S. Williams
Georgia Bar No. 804380
owilliams@bakerlaw.com
1170 Peachtree Street NE, Suite 2400
Atlanta, Georgia 30309-7676
Telephone: (404) 459-0050
Facsimile: (404) 459-5734

*Attorneys for Defendant*

## **<u>CERTIFICATE OF COMPLIANCE</u>**

Pursuant to Local Rule 5.1 of the United States District Court of the Northern District of Georgia, the undersigned certifies the foregoing submission to the Court was computer-processed, double-spaced, and used Times New Roman font of 14-point size.

This 31st day of January, 2023.

*/s/ Mitchell A. Robinson*
Mitchell A. Robinson
Georgia Bar No. 457665

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing **DEFENDANT'S ANSWER, OBJECTIONS AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** has been electronically filed with the Clerk of Court using the CM/ECF system, which automatically sends electronic notifications to all attorneys of record.

This 31st day of January, 2023.

*/s/ Mitchell A. Robinson*
Mitchell A. Robinson
Georgia Bar No. 457665