IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JERRAL MADISON, *individually and on behalf of all others similarly situated*,
   Plaintiff,

v.

SYSCO ATLANTA, LLC,
   Defendant.

Civil Action No.
1:22-cv-04856-SDG

**ORDER**

This matter is before the Court on Plaintiff Jerral Madison's unopposed motion for settlement approval of this collective action under the Fair Labor Standards Act (FLSA) [ECF 36] and his responses to the Court's questions thereto [ECF 40]. One of those questions concerned the propriety of allowing non-named putative plaintiffs to opt in to an already-negotiated FLSA settlement.[1] Even after reviewing Madison's response, the Court remains skeptical that the opt-in mechanism contemplated by the parties' proposed settlement agreement is consistent with Eleventh Circuit law barring "totally uninvolved employees" from "gaining recovery as a result of some third party's [FLSA suit]." *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1248 (11th Cir. 2003). Furthermore, the Court is skeptical that an FLSA collective action can be certified for purposes of settlement, through a stipulation that all collective members are "similarly

---

[1] ECF 39, at 1.

situated,"[2] *before* all of those members have been identified. *See Anderson v. Cagle's, Inc.*, 488 F.3d 945, 952 (11th Cir. 2007) (requiring plaintiffs to show that they are "similarly situated" to maintain an FLSA collective action).

Fortunately, Madison has indicated his willingness, pending any objection from Defendant Sysco Atlanta, LLC, "to defer final approval of the settlement and dismissal of the action until after the close of the proposed opt-in period."[3] Because Sysco has not objected,[4] the Court takes Madison up on his offer. His motion for settlement approval [ECF 36] is **DENIED** without prejudice. If Madison wishes to continue seeking the settlement of this suit as a collective action, he is **DIRECTED** to do so in accordance with the procedural requirements of the FLSA, in a way that reflects the "active participation" of all plaintiffs who agree to be bound by the judgment in this case. *Cameron-Grant*, 347 F.3d at 1249.

**SO ORDERED** this 14th  day of August 2024.

Steven D. Grimberg
United States District Judge

---

[2]  ECF 37, at 2.

[3]  ECF 40, at 3.

[4]  Sysco's response to the Court's questions were due by August 5, 2024. ECF 39, at 2.