## SETTLEMENT AGREEMENT AND GENERAL RELEASE OF CLAIMS

This Settlement Agreement and General Release of Claims (the "Agreement") is entered into by and between Jerral Madison ("Madison") and Sysco Atlanta, LLC ("Sysco") (collectively referred to as the "Parties").

## RECITALS

Madison filed a lawsuit in the United States District Court for the Northern District of Georgia, Atlanta Division, styled *Jerral Madison v. Sysco Atlanta, LLC*, Civil Action No. 1:22-cv-04856-SDG (the "Lawsuit"), alleging that Sysco failed to pay him overtime compensation for alleged "off-the-clock" hours worked and failed to include incentive pay and retention bonus payments in calculating his regular rate of pay for the purpose of calculating any overtime pay and, thus, alleged that he is owed overtime pay under the Fair Labor Standards Act ("FLSA") (the "Claims"). The Lawsuit was filed as a putative collective action, however, Madison never filed a motion to certify the Lawsuit as a collective action, conditionally or otherwise, and, thus, the Lawsuit was never certified as a collective action, conditionally or otherwise. Moreover, no one other than Madison has filed a consent to join the Lawsuit.

The Parties have been and are engaged in a good faith and bona fide dispute about the number of hours worked by Madison and the amount, if any, of alleged overtime wages owed to Madison under the FLSA.

The Parties recognize that the outcome of the Claims in the Lawsuit is uncertain and that achieving a result through the litigation process would require substantial additional risk, discovery, time, and expense.

The Parties engaged in substantial investigation, including review of relevant documents, and thereby arrived at an agreement to resolve the Claims, as well as any other claims Madison may have against Sysco, on the basis described in this Agreement.

Madison and Madison's counsel have conducted an investigation and evaluation of the facts and law relating to the Claims and believe, in view of the costs, risks, and delay of litigation balanced against the benefits of settlement, that the resolution of the Claims as provided in this Agreement is in Madison's best interests and that the terms set forth in this Agreement represent and constitute a fair, reasonable, and adequate resolution with respect to amounts Madison alleges are due and owing in connection with the Claims.

The claims of Madison are in all respects disputed. The Parties now desire to compromise and settle any differences and all claims, demands, and causes of action, whether now known or unknown, encompassed within the Lawsuit and otherwise, that Madison, including any and all heirs, devisees, legatees, executors, administrators, assigns, agents, representatives, businesses, insurers, subrogees, and attorneys, (collectively referred to in this Agreement as "Madison") has made or could assert against Sysco Corporation and Sysco Atlanta, LLC, including any and all officers, directors, agents, representatives, employees, contractors, successors, assigns, predecessors, divisions, subsidiaries, branches, affiliated companies, insurers, and attorneys, of

Sysco Corporation and Sysco Atlanta, LLC (collectively referred to in this Agreement as "Sysco").

## AGREEMENT

In consideration of the mutual promises contained in this Agreement, and for other good and sufficient consideration, the legal sufficiency of which is acknowledged, Madison and Sysco agree as follows:

1. Consideration. Provided the Court issues the order required under Paragraph 2, and Madison and his counsel each provide a signed IRS Form W-9 to Sysco's counsel, and Madison provides a signed IRS Form W-2 to Sysco's counsel, Sysco shall pay Madison and his counsel the gross amount of Twenty Thousand Three Hundred Seventy Dollars and Sixty Eight Cents ($20,370.68) inclusive of attorneys' fees and costs, within thirty days after the Effective Date of this Agreement (as defined in Paragraph 3), allocated and payable as follows:

(a) One check payable to Madison in the amount of $60.34, less applicable tax withholdings, representing the full amount of Madison's alleged overtime pay;

(b) One check payable to Madison in the amount of $60.34 for alleged liquidated damages;

(c) One check payable to Madison in the amount of $2,250.00 as consideration for Madison's full, general release of claims; and

(d) One check payable to Madison's counsel, BROWN, LLC, in the amount of $18,000.00, for attorneys' fees and costs.

Sysco will deliver all checks to Brown, LLC, 111 Town Square Place, Suite 400, Jersey City, New Jersey 07310 via non-USPS Priority Overnight Mail with a tracking number. Sysco will issue Madison a Form W-2 for the payment stated in Paragraph 1(a). Sysco will issue a Form 1099 to Madison for the payment stated in Paragraphs 1(b) and 1(c), and to both Madison and his attorney for the payment stated in Paragraph 1(d). Madison acknowledges that the consideration provided is in addition to anything of value to which Madison already is entitled.

Madison is solely responsible for the payment of any federal, state, or local taxes arising out of the payments made under this Agreement. Madison agrees to hold Sysco harmless from any and all claims, demands, rights, damages, attorneys' fees, costs, and expenses resulting from any liability or claim of liability for any federal, state, and local income, social security, Medicare, or other withholding or taxes assessed by or due any federal, state, or local government or agency with respect to payments made by Sysco to Madison under this Agreement. Sysco does not intend nor does Sysco give Madison advice or counseling concerning federal, state, or local tax responsibilities or liabilities.

Madison acknowledges and agrees that the amounts being paid pursuant to this Agreement, as identified above, including full payment to Madison of all wages allegedly due and owing from Sysco, including all wages due and owing as claimed in the Claims asserted in the Lawsuit.

2. <u>Settlement Approval and Dismissal of Lawsuit.</u> The Parties agree that, upon execution of this Agreement, and any applicable revocation period, they shall file a joint motion with the Court seeking approval of this Agreement in accordance with the FLSA and dismissal of the Lawsuit with prejudice. If the Court does not approve this Agreement, this Agreement shall be deemed null and void *ab initio*, shall be of no force or effect whatsoever, and shall not be referred to or utilized for any purpose whatsoever; however, the Parties will in good faith seek to resolve the reason forming the basis of the Court's denial and revise the Agreement accordingly. The payment of consideration set forth above is conditioned expressly upon the Court issuing an order approving this Agreement and dismissing the Lawsuit with prejudice.

3. <u>Effective Date</u>. This Agreement shall be effective on the date that the Court issues an Order approving this Agreement and dismissing the Lawsuit with prejudice.

4. <u>Release of All Claims</u>. Madison releases, absolves and discharges Sysco from any and all known or unknown claims, demands, liens, agreements, contracts, covenants, actions, suits, causes of action, grievances, vacation payments, severance payments, obligations, commissions, debts, profit sharing claims, expenses, damages, judgments, orders and liabilities of whatever kind or nature under federal, state, or local law, equity or otherwise, which Madison owns or holds or has at any time owned or held as against Sysco arising out of Madison's employment with, termination from, or association with Sysco or otherwise relating in any way to any acts, circumstances, facts, transactions, omissions, or other subject matters, based on facts occurring prior to the date Madison signs this Agreement. This release includes, but is not limited to, (a) all claims made or which could have been made in the Lawsuit (b) any and all claims arising under COBRA, Title VII, the Civil Rights Act of 1866, the ADEA, the Older Workers Benefit Protection Act (OWBPA), the Americans with Disabilities Act (ADA), the Family and Medical Leave Act (FMLA), the Employee Retirement Income Security Act (ERISA), 42 U.S.C. Section 1981, and any other matter and/or action under federal, state, or local laws or the common law and (c) any claims and causes of action of whatever kind or character, in tort or contract, statutory or otherwise, for legal or equitable relief. Without limiting the foregoing, Madison releases all wage and hour claims, causes of action, rights, and demands, including any claim for wages, overtime, distributions, compensation, expenses, interest, actual or compensatory damages, penalties (including waiting time penalties and wage statement penalties), interest, liquidated damages, treble damages, punitive damages, attorneys' fees, costs, and expenses, against Sysco, including such claims arising from, attributable to, or related to the FLSA and any similar state or local law relating to wages and/or hours worked.

5. <u>Exclusions from Release.</u> The release does not apply to any claim that, as a matter of law cannot be released, including but not limited to, claims for unemployment and workers' compensation insurance benefits. Nothing in this Agreement prohibits Madison from filing a charge or complaint with, or participating in, any investigation or proceeding conducted by the Equal Employment Opportunity Commission (EEOC) or any other federal, state or local agency charged with the enforcement of any laws related to employment, although by signing this Agreement, Madison waives the right to monetary relief in any such charge or complaint except where prohibited by law. Additionally, nothing in this Agreement prevents Madison from reporting possible violations of federal, state, or local law or regulation, and disclosing relevant and necessary information, to any governmental agency or entity, including but not limited, to the extent applicable, to the Department of Labor, the Department of Justice, the Securities and

Exchange Commission, Congress, and/or any agency Inspector General. The release in this Agreement also does not apply to claims that arise after the date that Madison signs this Agreement, or to claims for breach of this Agreement.

6. <u>Non-Disparagement</u>. Madison agrees not to disparage the name or reputation of Sysco such as by (a) making derogatory or negative remarks about Sysco or the company's officers; or (2) commenting on disputes with Sysco except to state that the Lawsuit has been resolved. Sysco agrees to provide a neutral reference via The Work Number, which provides title, location, dates of employment, and if authorized by Madison, rates of pay. The Work Number's contact information is 1-800-367-2884 or www.theworknumber.com. Madison must direct all reference requests to The Work Number, and Sysco will not be liable for any reference requests directed to any other source. The foregoing provision does not prevent Madison from making statements to governmental agencies, co-workers, or a labor union, regarding the terms and conditions of Madison's employment with Sysco or that otherwise qualify as protected activity under Section 7 of the National Labor Relations Act ("NLRA"), unless such statements are so disloyal, reckless, or maliciously untrue as to lose the NLRA's protection.

7. <u>No Admission of Liability</u>. This Agreement is a compromise and settlement of disputed claims being released. Therefore, this Agreement and the payment provided for in this Agreement shall not constitute an admission of liability on the part of Sysco as broadly defined above, directly or indirectly, that Sysco has violated any law, statute, rule, regulation, policy or any contractual right or other obligation owed to any party or to Madison. Sysco specifically by this Agreement denies all allegations of improper or unlawful conduct made by Madison. The Parties merely intend, by entering into this Agreement, to avoid further litigation.

8. <u>Attorneys' Fees</u>. The Parties to this Agreement expressly agree that no party shall be liable to any other party, person or entity for costs and/or attorneys' fees relating to the released claims or this Agreement, including any provided for by statute, except to the extent attorneys' fees are specifically addressed in Paragraph 1.

9. <u>Covenant Not to Sue</u>. Madison understands that this Agreement will be final and binding following the Effective Date of this Agreement. Madison promises not to pursue any claim that is settled by this Agreement. If Madison breaks this promise, Madison agrees to pay all of Sysco's costs and expenses (including reasonable attorneys' fees) related to the defense of any claims. Madison understands that a court has the discretion to determine whether Sysco is entitled to restitution, recoupment, or set off (a "reduction") against a monetary award obtained by Madison in any court matter involving a challenge to the knowing and voluntary nature of this Agreement. A reduction never can exceed the amount Madison recovers, or the consideration received for signing this Agreement, whichever is less. Madison also recognizes that Sysco may be entitled to recover costs and attorneys fees incurred by Sysco as specifically authorized under applicable law.

10. <u>Choice of Law</u>. This Agreement shall be construed in accordance with, and be deemed governed by, the laws of the State of Georgia.

11. <u>Affirmations</u>. Madison affirms that he has no known workplace injuries or occupational diseases and has been provided and/or has not been denied any leave requested

under the Family and Medical Leave Act and/or any other federal, state, or local leave law. Madison affirms and represents that he did not engage in any conduct that would constitute a fraud on Sysco, or its shareholders, investors, clients, or customers, and that he is not aware of any fraudulent activity on the part of Sysco.

      12.    <u>General Terms And Conditions</u>.  This Agreement may be executed in counterparts and, if so executed, each such counterpart shall have the force and effect of an original. A facsimile signature or signature scanned and sent by electronic mail shall have the same force and effect as an original signature. If any provision of this Agreement or any application of any provision of this Agreement is held invalid, the invalidity shall not affect other provisions or applications of the Agreement which can be given effect without the invalid provision or application, provided however that Paragraph 1 of this Agreement is not severable. To this end, the provisions of this Agreement, other than Paragraph 1, are severable.  Madison represents and warrants that Madison has not assigned or transferred or purported to assign or transfer to any person, firm or corporation any claim, demand, right, damage, liability, debt, account, action, cause of action, or any other matter released. This Agreement shall not be construed or interpreted for or against any party because that party drafted or caused that party's legal representative to draft any of its provisions. The Parties acknowledge and represent that no promise or representation not contained in this Agreement has been made to them and acknowledge and represent that this Agreement contains the entire understanding between them and contains all terms and conditions pertaining to the compromise and settlement of the subjects referenced in this Agreement.  This Agreement may only be amended or modified by a writing signed by the Parties. Any waiver of any provision of this Agreement shall not constitute a waiver of any other provision of this Agreement unless expressly so indicated.  The headings in this Agreement are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

      13.    <u>Consultation With Attorney</u>.  THE PARTIES HAVE REACHED THE AGREEMENTS IN THIS DOCUMENT VOLUNTARILY AND NOT AS A RESULT OF COERCION, DURESS, OR UNDUE INFLUENCE. MADISON HAS READ AND FULLY UNDERSTOOD THE TERMS OF THIS AGREEMENT AND HAS BEEN AND IS ADVISED TO CONSULT WITH AN ATTORNEY BEFORE EXECUTING THIS AGREEMENT. MADISON HAS BEEN REPRESENTED BY AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT AND HAS CONSULTED WITH THAT ATTORNEY.

**[SIGNATURE PAGE FOLLOWS]**

**PLEASE READ CAREFULLY. THIS AGREEMENT CONTAINS A GENERAL RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

Dated: 11 / 21 / 2024 , 2024

                                                  JERRAL MADISON

SYSCO ATLANTA, LLC

Dated: November 22, 2024 , 2024    By: *Christopher McCollum* (Signed by: 63A0CA04060543A...)

Print Name: Christopher McCollum

Title: Region President

- 6 -